UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO: 06-20280

                              DISTRICT JUDGE LAWRENCE P. ZATKOFF
                              MAGISTRATE JUDGE STEVEN D. PEPE

vs.

ALI MURRAY, ET. AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION GRANTING PLAINTIFF'S
MOTION FOR OPENING OF ANCILLARY PROCEEDING (DKT. #148)**

On October 26, 2008, the United Stated moved the Court for an order authorizing a third party proceeding pursuant to Fed. R. Cr. P. 32.2(c) and referral of all third party petitions presently in the custody of the government to the undersigned, as the Magistrate Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1)(B) (Dkt. #148). On January 16, 2009, this motion was referred for report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). For the reasons stated below, **IT IS RECOMMENDED** that Plaintiff's motion be **GRANTED.**

On June 1, 2006, an Indictment was issued charging Defendant Ali Murray with Conspiracy to Possess with Intent to Distribute (21 U.S.C. § 846) in Count 1; Conspiracy to Launder Money Instruments (18 U.S.C. § 1956) in Counts 2, 3 and 7; and Possession with Intent to Distribute a Controlled Substance (21 U.S.C. § 841) in Counts 8, 10, 12, and 13 (Dkt. #3). The Indictment contained Forfeiture Allegations seeking forfeiture of property constituting or

derived from proceeds, directly or indirectly, as the result of those violations, or property involved in, or any property traceable thereto, the violations, or any property which the defendants used or intended to be used in any manner or part to facilitate the commission of such violations, pursuant to 21 U.S.C. § 853, 18 U.S.C. §§ 924(d)(1), 981(a)(1)(C), 982(a)(1) and 28 U.S.C. § 2461. On March 29, 2007, Defendant Ali Murray pled guilty to Count 1 of the Indictment, including forfeiture and was sentenced on September 27, 2007. The forfeiture was made final as to Defendant Ali Murray and was included in his Judgment and Commitment Order on October 3, 2007 (Dkt. #119).

As part of the forfeiture order's terms, third parties who may have an interest in any forfeited assets were to have filed claims or petitions with the government. The United States indicates that several jewelry stores believe they have claims to the jewelry seized; however, they did not file claims or petitions with the government in a manner that initiated a third party ancillary proceeding. The United States has received information from these third parties in support of their claims to the jewelry, but does not feel it is in the best position for determining the validity of the claims. Accordingly, the Drug Enforcement Administration, the agency normally charged with determining petitions before judicial proceedings begin, indicates it is precluded from addressing the claims. Moreover, the United States believes its decisions as to the claims would very likely result in an appeal to the district court.

Accordingly, the United States proposes that (1) pursuant to Fed. R. Cr. P. 32.2(c), an ancillary proceeding be initiated, with the government, to provide the third parties' initial claims it has been sent to the Court for filing (2) that the District Judge refer consideration of the claims to the undersigned, for either report and recommendation or for hearing and determination

pursuant to 28 U.S.C. § 636; (3) that the government be directed to provide the supporting information for the claims to the Magistrate Judge so that the third parties do not need to duplicate their efforts and prolong a process that has already been cumbersome; and (4) that the government be allowed to file a response as to its position on the validity of the claims and supporting information.

In an ancillary criminal forfeiture proceeding pursuant to 21 U.S.C. § 853(n)(4-6) and Federal Rule of Criminal Procedure 32.2(c)(1) the court must determine by a preponderance of the evidence whether a petitioner has a legal right, title, or interest in the property, and whether such right, title, or interest renders the order of forfeiture invalid in whole or in part. 21 U.S.C. § 853(n)(6)(A). A petitioner's legal right, title, or interest renders the order of forfeiture invalid in whole or in part if "the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section. . . ." *Id.* Each petitioner has the burden of proof on its claim of legal right, title, or interest. 21 U.S.C. § 853(n)(6); *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004).

Here, the United States indicates that it is not in the best position to determine the validity of the third party claims, and requests assistance from the Court. Moreover, the government believes that should it make decisions as to the claims, these decisions would very likely result in an appeal to the district court. Accordingly, to promote efficient and expeditious disposition of the claims and to conserve both judicial resources and the resources of the parties, it is **RECOMMENDED** that the United State's motion be **GRANTED**. It is **RECOMMENDED** that pursuant to Fed. R. Cr. P. 32.2(c), an ancillary proceeding be initiated, with the government, to

provide the third parties' initial claims it has been sent to the Court for filing (2) that the District Judge refer consideration of the claims to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636; (3) that the government be directed to provide the supporting information for the claims to the Magistrate Judge so that the third parties do not need to duplicate their efforts and prolong a process that has already been cumbersome; and (4) that the government be allowed to file a response as to its position on the validity of the claims and supporting information.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation.  *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.  A party may file a reply brief within 5 days of service of a response.  The reply shall be not more

than five (5) pages in length unless by motion and order such page limit is extended by the

Court.

                                                                          s/Steven D. Pepe
                                                                          United States Magistrate Judge

Dated: January 28, 2009
Ann Arbor

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 28, 2009.

                                                                          S/V. Sims
                                                                          Case Manager